## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BOARD OF GOVERNORS OF THE** | ) |
| **FEDERAL RESERVE SYSTEM,** | ) |
| 2001 C Street NW | ) |
| Washington, DC 20551 | ) |
| | ) |
| **OFFICE OF THE UNITED STATES** | ) |
| **TRADE REPRESENTATIVE,** | ) |
| Office of the General Counsel | ) |
| 600 17th Street NW | ) |
| Washington, DC 20508 | ) |
| | ) |
| **BUREAU OF INDUSTRY AND SECURITY,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **INTERNATIONAL TRADE** | ) |
| **ADMINISTRATION,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **U.S. DEPARTMENT OF COMMERCE,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **U.S. DEPARTMENT OF ENERGY,** | ) |
| 1000 Independence Ave., SW | ) |
| Washington, DC 20585 | ) |

|                                              |   |
|----------------------------------------------|---|
| **NATIONAL FINANCE CENTER,**                 | ) |
| Office of the General Counsel                | ) |
| Room 107W, Whitten Building                  | ) |
| 1400 Independence Ave SW                     | ) |
| Washington, DC 20250                         | ) |
|                                              | ) |
| **U.S. DEPARTMENT OF AGRICULTURE,**          | ) |
| Office of the General Counsel                | ) |
| Room 107W, Whitten Building                  | ) |
| 1400 Independence Ave SW                     | ) |
| Washington, DC 20250                         | ) |
|                                              | ) |
| **U.S. DEPARTMENT OF STATE,**                | ) |
| The Executive Office                         | ) |
| Office of the Legal Advisor, Suite 5.600     | ) |
| 600 19th Street NW,                          | ) |
| Washington, DC 20522                         | ) |
|                                              | ) |
| **Defendants.**                              | ) |

## <u>COMPLAINT</u>

1.    Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel Defendants BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, BUREAU OF INDUSTRY AND SECURITY, INTERNATIONAL TRADE ADMINISTRATION, U.S. DEPARTMENT OF COMMERCE, U.S. DEPARTMENT OF ENERGY, NATIONAL FINANCE CENTER, U.S. DEPARTMENT OF AGRICULTURE, and U.S. DEPARTMENT OF STATE to discharge their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing records regarding tariffs.

### PARTIES

2.    Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

- 2 -

3.      Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events.  BLOOMBERG L.P. is one of the FOIA requesters in this case.

4.      Defendant BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM ("FRB") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE ("USTR") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

6.      Defendant BUREAU OF INDUSTRY AND SECURITY ("BIS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

7.      Defendant INTERNATIONAL TRADE ADMINISTRATION ("ITA") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

8.      Defendant U.S. DEPARTMENT OF COMMERCE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  COMMERCE is the parent agency of BIS and ITA.

9.      Defendant U.S. DEPARTMENT OF ENERGY ("DOE") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

10.      Defendant NATIONAL FINANCE CENTER ("NFC") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

11.      Defendant U.S. DEPARTMENT OF AGRICULTURE ("USDA") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  USDA is the parent agency of NFC.

12.     Defendant U.S. DEPARTMENT OF STATE ("State Department") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

13.     This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

14.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## APRIL 3, 2025 FOIA REQUEST TO FRB

15.     On April 3, 2025, Plaintiffs submitted a FOIA request to FRB for the following records:

> 1. All communications, such as emails, text messages, Signal chat messages, Microsoft teams messages, Gchats, letters, memos, final reports, white papers and studies, directives and talking points referencing "tariffs" or "reciprocal tariffs" or "recession" or "economic recession."
>
> 2. The same types of records described in part 1 of this request referencing "Liberation Day."
>
> 3. The same types of records described in part 1 referencing "tariffs" and "recession."
>
> 4. Memos, reports, white papers, analyses, or discussions of the extent to which President Trump's tariffs or tariff policies are causing or are likely to cause an economic recession.
>
> 5. Letters sent to the FRB by any member of Congress or a Congressional Oversight Committee that references "tariffs" or "reciprocal tariffs" or "Liberation Day" or "recession" and any responses the Fed sent to the lawmakers or the committees.
>
> The timeframe for parts 1 through 5 of this request is March 15th through the date the search for responsive records is conducted.
> Please search the following offices and components for responsive records: Office of the Chairman; Board members; Division of Financial Management; Division of Financial Stability; Division of International Finance; Division of Monetary Affairs

16.     On April 4, 2025, FRB acknowledged receipt of the FOIA request and assigned reference number FOIA-2025-00728 to the matter.

17.     A true and correct copy of the acknowledgement letter quoting the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 1.

18.     On April 11, 2025, FRB granted expedited processing of Plaintiffs' FOIA request. *Id*.

19.     On May 2, 2025, FRB sought an extension until May 16, 2025 in order to "consult with two or more components of the Board." *Id*.

20.     On June 5, 2025, Plaintiffs asked FRB about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken—or were planned—to process the request. *Id.*

21.     FRB did not send any further correspondence to Plaintiffs regarding this request.

22.     As of the date of this filing, FRB has not issued a determination on Plaintiffs' request.

23.     As of the date of this filing, FRB has failed to make any responsive records available to Plaintiffs as soon as practicable.

### APRIL 3, 2025 FOIA REQUEST TO USTR

24.     On April 3, 2025, Plaintiffs submitted a FOIA request to USTR for the following records:

> 1. All communications, such as emails, text messages, Signal chat messages, Microsoft teams messages, letters, memos, final reports, white papers and studies, directives and talking points referencing "tariffs" and "reciprocal tariffs."
>
> 2. The same types of records described in part 1 of this request referencing "Liberation Day."
>
> 3. The same types of records described in part 1 referencing "tariffs" and "recession."

4. Memos, reports, white papers, analyses, or discussions of the extent to which President Trump's tariffs or tariff policies are causing or are likely to cause an economic recession.

5. Letters sent to USTR by any member of Congress or a Congressional Oversight Committee that references "tariffs" and any responses sent to the lawmakers or the committees.

6. Letters from foreign government officials and leaders or their representatives and any responses USTR sent.

The timeframe for parts 1 through 5 of this request is January 20th through the date the search for responsive records is conducted. Please search the following offices for responsive records: The Western Hemisphere Europe and the Middle East Central and South Asian Affairs Southeast Asia and the Pacific Japan, Korea, and APEC Affairs China Affairs African Affairs Multilateral Negotiations World Trade Organization and Multilateral Affairs Trade and Development Sectoral Activities Services and Investment Market Access and Industrial Competitiveness Textiles Labor Analysis, Legal Affairs and Policy Coordination General Counsel Monitoring and Enforcement Economic Affairs Policy Coordination and Information Congressional Affairs Intergovernmental Affairs and Public Liaison. Please omit news clippings and press releases from the search for responsive records. The timeframe for part 5 is January 20 through the date the search for responsive records is conducted.

25.    A true and correct copy of this FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 2.  Plaintiffs are withdrawing item 6 of the request.

26.    On April 8, 2025, USTR acknowledged receipt of the request and assigned reference number FY25-62 to the matter.  *Id*.  It also denied Plaintiffs' request for expedited processing.  *Id*.

27.    On April 30, 2025, USTR stated that it required "at least an additional ten working days" to process the request due to "unusual circumstances."  *Id*.

28.    On June 12, 2025, Plaintiffs asked USTR about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken—or were planned—to process the request.  *Id*.

29.     USTR did not send any further correspondence to Plaintiffs regarding this request.

30.     As of the date of this filing, USTR has not issued a determination on Plaintiffs' request.

31.     As of the date of this filing, USTR has failed to make any responsive records promptly available to Plaintiffs.

## APRIL 7, 2025 FOIA REQUEST TO BIS

32.     On April 7, 2025, Plaintiffs submitted a FOIA request to BIS for the following records from the office of the Undersecretary, Deputy Undersecretary, Chief of Staff, Strategic Industries and Economic Security, Exporter Services, Enforcement Analysis, Export Enforcement, Chief Financial Officer and Director of Administration, Assistant Secretary and Deputy Secretary for Export Enforcement, Assistant Secretary and Deputy Secretary for Export Administration, Office of Congressional Affairs:

> 1. All emails (including attachments) sent and received referencing "tariffs" and/or "reciprocal tariffs."
>
> 2. All emails (including attachments) sent and received referencing "Liberation Day."
>
> 3. All emails (including attachments) sent and received by referencing "recession" and "economic recession."
>
> 4. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "trade war."
>
> [5.] All text message, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received that reference "tariffs" and "reciprocal tariffs."
>
> [6.] All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "recession" and/or "economic recession" and/or "Liberation Day."

[7.] All talking points referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," and "social security" and "retirement."

[8.] All memos, letters, directives, final reports, final legal opinions and guidance, studies, referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war."

9. All letters sent to BIS any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive, referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "Liberation Day," "trade war."

You may withhold news clippings and press releases and listserv messages. The timeframe for this request is January 20, 2025 through the date the search for responsive records is conducted.

33.    A true and correct copy of this FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 3.

34.    On April 7, 2025, BIS acknowledged receipt of the request and assigned reference number DOC-BIS-2025-000742 to the matter. *Id.*

35.    On June 12, 2025, Plaintiffs asked BIS about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken— or were planned—to process the request. *Id.*

36.    BIS did not send any further correspondence to Plaintiffs regarding this request.

37.    As of the date of this filing, BIS has not issued a determination on Plaintiffs' request.

38.    As of the date of this filing, BIS has failed to make any responsive records promptly available to Plaintiffs.

## APRIL 7, 2025 FOIA REQUEST TO ITA

39.    On April 7, 2025, Plaintiffs submitted a FOIA request to ITA for the following records from the offices of the Undersecretary and Secretary, Office of Legislative and

Intergovernmental Affairs, Chief Counsel for International Commerce, Office of the Trade Promotion Coordinating Committee Secretariat, Chief Counsel for Enforcement and Compliance, Assistant Secretary and Deputy Secretary for Industry Analysis, Chief Financial and Administrative Officer, Director General of the US and Foreign Commercial Service and Assistant Secretary for Global Markets, Assistant Secretary and Deputy Secretary for Enforcement and Compliance:

1. All emails (including attachments) sent and received referencing "tariffs" and/or "reciprocal tariffs."

2. All emails (including attachments) sent and received referencing "Liberation Day."

3. All emails (including attachments) sent and received by referencing "recession" and "economic recession."

4. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "trade war."

5. All text messages, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received that reference "tariffs" and "reciprocal tariffs."

6. All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "recession" and/or "economic recession" and/or "Liberation Day."

7. All talking points referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," and "social security" and "retirement."

8. All memos, letters, directives, final reports, final legal opinions and guidance, studies, referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war."

9. All letters sent to ITA by any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive, referencing "tariffs,"

> "reciprocal tariffs," "recession," "economic recession," "Liberation Day," "trade war."
>
> You may withhold news clippings and press releases and listserv messages. The timeframe for this request is January 20, 2025, through the date the search for responsive records is conducted.

40.     On April 18, 2025, ITA acknowledged receipt of this FOIA request, assigned reference number DOC-ITA-2025-000327 to the matter, and approved Plaintiffs' fee waiver for the request.

41.     A true and correct copy of the acknowledgement letter quoting the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 4.

42.     On April 21, 2025, ITA wrote to Plaintiffs that the request "does not clearly describe the records sought" and asked Plaintiffs to provide clarification. *Id.*

43.     On April 21, 2025, Plaintiffs narrowed the scope of the search to custodians "GS-15 and above" and asked ITA to explain in further detail which part of the request is "not reasonably described." *Id.*

44.     On April 22, 2025, ITA stated that it "do[es] not have the grade level of personnel in various offices" and asked Plaintiffs to provide a list of names or specific job titles to assist in limiting the scope of the search. *Id.*

45.     On April 22, 2025, Plaintiffs identified 94 custodians for ITA to search for responsive records. *Id.*

46.     On April 24, 2025, ITA stated that the search "is likely to return a voluminous number of records" and asked if Plaintiffs would be amenable to providing specific Boolean phrases in order to narrow the scope. *Id.*

47.     On April 24, 2025, Plaintiffs asked ITA to "conduct a search first" before agreeing to further narrow the scope of the request. *Id.*

48.    On June 12, 2025, Plaintiffs asked ITA about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken— or were planned—to process the request.  *Id.*

49.    On June 12, 2025, ITA stated that it "has a substantial backlog of FOIA requests currently" and it had not yet completed the search for records.  ITA said it expected the review of responsive records to "take quite a bit of time" but did not provide an estimated date of completion. *Id.*

50.    ITA did not send any further correspondence to Plaintiffs regarding this request.

51.    As of the date of this filing, ITA has not issued a determination on Plaintiffs' request.

52.    As of the date of this filing, ITA has failed to make any responsive records promptly available to Plaintiffs.

**APRIL 10, 2025 FOIA REQUEST TO DOE**

53.    On April 10, 2025, Plaintiffs submitted a FOIA request to DOE for the following records from the offices of the Secretary, Deputy Secretary, Chief of Staff, Assistant Secretary for Congressional & Intergovernmental Affairs, Policy and International Affairs, Assistant Secretary for International Affairs:

> 1. All emails (including attachments) sent and received referencing "tariffs" and/or "reciprocal tariffs."
>
> 2. All emails (including attachments) sent and received referencing "Liberation Day."
>
> 3. All emails (including attachments) sent and received by referencing "recession" and "economic recession."
>
> 4. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "trade war."

5. All text message, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received that reference "tariffs" and "reciprocal tariffs."

6. All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "recession" and/or "economic recession" and/or "Liberation Day."

7. All talking points referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," and "social security" and "retirement."

8. All memos, letters, directives, final reports, final legal opinions and guidance, studies, referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war."

9. All letters sent to DOE by any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive, referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "tariffs and electricity," "tariffs and Canada," "tariffs and utilities," "tariffs and electric grid," "Liberation Day," "trade war."

You may withhold news clippings and press releases and listserv messages. The timeframe for this request is January 20, 2025 through the date the search for responsive records is conducted.

54.    A true and correct copy of this FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 5.

55.    On April 18, 2025, DOE acknowledged receipt of the FOIA request and assigned reference number HQ-2025-02819-F to the matter. *Id*.

56.    On April 18, 2025, DOE denied expedited processing of the request. *Id*.

57.    On June 5, 2025, Plaintiffs asked DOE about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken— or were planned—to process the request. *Id*.

58.    On June 6, 2025, DOE stated that it was "unable to provide an estimate of the timeline for [Plaintiffs] to receive the responsive records." *Id*.

59.    DOE did not send any further correspondence to Plaintiffs regarding this request.

60.    As of the date of this filing, DOE has not issued a determination on Plaintiffs' request.

61.    As of the date of this filing, DOE has failed to make any responsive records promptly available to Plaintiffs.

## APRIL 10, 2025 FOIA REQUEST TO NFC

62.    On April 10, 2025, Plaintiffs submitted a FOIA request to NFC for the following records from the offices of the Secretary, Deputy Secretary, Chief Economist, Under Secretary for Trade and Foreign Agricultural Affairs, Assistant Secretary for Congressional Relations, Under Secretary for Trade and Foreign Agricultural Affairs:

> 1. All emails (including attachments) sent and received referencing "tariffs" and/or "reciprocal tariffs."

> 2. All emails (including attachments) sent and received referencing "tariffs" and "farmers."

> 3. All emails (including attachments) sent and received referencing "Liberation Day."

> 4. All emails (including attachments) sent and received by referencing "recession" and "economic recession."

> 5. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and/or received referencing "trade war."

> 6. All text messages, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received that reference "tariffs" and/or "reciprocal tariffs."

> 7. All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "recession" and/or "economic recession" and/or "Liberation Day."

> 8. All talking points referencing "tariffs," "reciprocal tariffs," "recession," "economic recession."

9. All memos, letters, directives, final reports, final legal opinions and guidance, studies, referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war," "farmer."

10. All letters sent to USDA any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive or Farmers referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "Liberation Day," "trade war."

11. All emails (including attachments) sent and received referencing "tariffs" and/or "Heard Island" or "McDonald Island" or "penguins."

You may withhold news clippings and press releases and listserv messages. The timeframe for this request is January 20, 2025 through the date the search for responsive records is conducted.

63.    A true and correct copy of this FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 6.

64.    On April 11, 2025, NFC acknowledged receipt of the request, assigned reference number 2025-NFC-06209-F to the matter, and denied expedited processing.  *Id.*

65.    On June 5, 2025, Plaintiffs asked NFC about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken—or were planned—to process the request.  *Id.*

66.    On June 6, 2025, NFC stated that it had "conducted a search and received search results" but was "unable to provide an estimated date of completion."

67.    NFC did not send any further correspondence to Plaintiffs regarding this request.

68.    As of the date of this filing, NFC has not issued a determination on Plaintiffs' request.

69.    As of the date of this filing, NFC has failed to make any responsive records promptly available to Plaintiffs.

- 14 -

**APRIL 14, 2025 FOIA REQUEST TO THE STATE DEPARTMENT**

70. On April 14, 2025, Plaintiffs submitted a FOIA request to the State Department for the following records from the Divisions of Bilateral Trade Affairs, Directorate of Defense Trade Controls, Multilateral Trade and Agricultural Affairs, Intellectual Property Enforcement:

> 1. All emails (including attachments) sent and received referencing "tariffs" and/or "reciprocal tariffs."
>
> 2. All emails (including attachments) sent and received referencing "Liberation Day."
>
> 3. All emails (including attachments) sent and received by referencing "recession" and "economic recession."
>
> 4. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "trade war."
>
> 5. All text messages, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received that reference "tariffs" and "reciprocal tariffs."
>
> 6. All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received referencing "recession" and/or "economic recession" and/or "Liberation Day."
>
> 7. All talking points referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "China and tariffs," "trade war."
>
> 8. All memos, letters, directives, final reports, final legal opinions and guidance, studies, referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war."
>
> 9. All letters sent to the State Department offices this request is directed to by any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive, referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "Liberation Day," "trade war."
>
> [10.] All emails (including attachments) sent and received referencing "tariffs" and/or "Heard Island" or "McDonald Island" or "penguins."

> You may withhold news clippings and press releases and listserv
> messages. The timeframe for this request is January 20, 2025
> through the date the search for responsive records is conducted.

71.    A true and correct copy of the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 7.

72.    On April 21, 2025, the State Department acknowledged receipt of this FOIA request, assigned reference number F-2025-15087 to the matter, denied expedited processing, and denied Plaintiffs' request for a fee waiver. *Id*.

73.    On June 5, 2025, Plaintiffs asked the State Department about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken—or were planned—to process the request. *Id*.

74.    The State Department did not send any further correspondence to Plaintiffs regarding this request.

75.    As of the date of this filing, the State Department has not issued a determination on Plaintiff's request.

76.    As of the date of this filing, the State Department has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – FRB'S FOIA VIOLATION
## APRIL 3, 2025 FOIA REQUEST TO FRB

77.    The above paragraphs are incorporated by reference.

78.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

79.    Defendant FRB is a federal agency subject to FOIA.

80.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

81.    Defendant FRB has failed to conduct a reasonable search for records responsive to the request.

82.    Defendant FRB has failed to issue a complete determination within the statutory deadline.

83.    Defendant FRB has failed to produce all non-exempt records responsive to the request.

## COUNT II – USTR'S FOIA VIOLATION
## APRIL 3, 2025 FOIA REQUEST TO USTR

84.    The above paragraphs are incorporated by reference.

85.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

86.    Defendant USTR is a federal agency subject to FOIA.

87.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

88.    Defendant USTR has failed to conduct a reasonable search for records responsive to the request.

89.    Defendant USTR has failed to issue a complete determination within the statutory deadline.

90.    Defendant USTR has failed to produce all non-exempt records responsive to the request.

## COUNT III – BIS'S FOIA VIOLATION
## APRIL 7, 2025 FOIA REQUEST TO BIS

91.    The above paragraphs are incorporated by reference.

92.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

93.     Defendant BIS is a federal agency subject to FOIA.

94.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

95.     Defendant BIS has failed to conduct a reasonable search for records responsive to the request.

96.     Defendant BIS has failed to issue a complete determination within the statutory deadline.

97.     Defendant BIS has failed to produce all non-exempt records responsive to the request.

### COUNT IV – ITA'S FOIA VIOLATION
### APRIL 7, 2025 FOIA REQUEST TO ITA

98.     The above paragraphs are incorporated by reference.

99.     Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

100.    Defendant ITA is a federal agency subject to FOIA.

101.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

102.    Defendant ITA has failed to conduct a reasonable search for records responsive to the request.

103.    Defendant ITA has failed to issue a complete determination within the statutory deadline.

104.    Defendant ITA has failed to produce all non-exempt records responsive to the request.

## COUNT V – DOE'S FOIA VIOLATION
## APRIL 10, 2025 FOIA REQUEST TO DOE

105.    The above paragraphs are incorporated by reference.

106.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

107.    Defendant DOE is a federal agency subject to FOIA.

108.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

109.    Defendant DOE has failed to conduct a reasonable search for records responsive to the request.

110.    Defendant DOE has failed to issue a complete determination within the statutory deadline.

111.    Defendant DOE has failed to produce all non-exempt records responsive to the request.

## COUNT VI – NFC'S FOIA VIOLATION
## APRIL 10, 2025 FOIA REQUEST TO NFC

112.    The above paragraphs are incorporated by reference.

113.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

114.    Defendant NFC is a federal agency subject to FOIA.

115.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

116.    Defendant NFC has failed to conduct a reasonable search for records responsive to the request.

117.    Defendant NFC has failed to issue a complete determination within the statutory deadline.

118.    Defendant NFC has failed to produce all non-exempt records responsive to the request.

## COUNT VII – STATE'S FOIA VIOLATION
## APRIL 14, 2025 FOIA REQUEST TO STATE DEPARTMENT

119.    The above paragraphs are incorporated by reference.

120.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

121.    Defendant State Department is a federal agency subject to FOIA.

122.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

123.    Defendant State Department has failed to conduct a reasonable search for records responsive to the request.

124.    Defendant State Department has failed to issue a complete determination within the statutory deadline.

125.    Defendant State Department has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiffs attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: June 26, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
BLOOMBERG L.P.,
JASON LEOPOLD

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com